| iKIMBALL, Justice,
additionally concurring in denial of rehearing.
In my view, plaintiffs herein have made a successful facial attack on the constitutionality of LSA-R.S. 27:13(0(6). I believe the United States Supreme Court has made it abundantly clear that there is no state interest in depriving any citizen from exercising his or her First Amendment rights to promote ballot measures.
The Louisiana Constitution gives this court appellate jurisdiction to determine the constitutionality vel non of a statute or ordinance that has been declared unconstitutional by a lower court, whatever the procedure, which we have properly done in this case. La. Const, art. 5, § 5(D); see, e.g., Louisiana Republican Party v. Foster, 96-0314 (La. 5/21/96), 674 So.2d 225; City of Baton Rouge v. Ross, 94-0695 (La. 4/28/95), 654 So.2d 1311, 1325 (Calogero, C.J., concurring). Plaintiffs herein have successfully brought a facial challenge to the constitutionality of LSA-R.S. 27:13(0(6). That statute, insofar as it restricts the ability of certain citizens to engage in the political process by voicing their opinions on a ballot measure, undercuts the very essence of the right of free speech secured by the First Amendment. There is, therefore, no valid reason to require these parties to engage in a useless hearing to *1186 allow the State an opportunity to prove that which cannot, as a matter of constitutional law, be proven. As the United States Supreme Court has clearly stated, “there is no significant state or public interest in curtailing debate or discussion of a ballot measure.” Citizens Against Rent Control v. City of Berkeley, 454 U.S. 290, 299, 102 S.Ct. 434, 439, 70 L.Ed.2d 492, 501 (1981).